**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

JUSTINA STUBBS,              :

    Plaintiff,              :

vs.                                       :       CA 08-0138-C

MICHAEL J. ASTRUE,       :
Commissioner of Social Security,
                                     :

    Defendant.

**MEMORANDUM OPINION AND ORDER**

Plaintiff brings this action pursuant to 42 U.S.C. § 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying her claim for supplemental security income benefits. The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. 636(c), for all proceedings in this Court. (Docs. 20 & 21 ("In accordance with the provisions of 28 U.S.C. 636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States Magistrate Judge conduct any and all proceedings in this case, . . . order the entry of a final judgment, and conduct all post-judgment proceedings.")) Upon consideration of the administrative record, plaintiff's brief, the Commissioner's brief, and the

parties' arguments at the October 29, 2008 hearing before the Court, it is determined that the Commissioner's decision denying plaintiff benefits should be affirmed.[1]

Plaintiff alleges disability due to degenerative scoliosis with associated arthritis in the lumbar spine and carpal tunnel syndrome. The Administrative Law Judge (ALJ) made the following relevant findings:

> 2. The medical evidence establishes that the claimant possesses the severe impairment of mild[] degenerative scoliosis with associated mild arthritis in the lumbar spine; however, she does not possess an impairment or combination of impairments, listed in or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4.
>
> 3. The claimant's allegations of pain and functional limitations to the degree alleged are not supported by the evidence in the record.
>
> 4. At all times relevant to this decision, the claimant possessed the residual functional capacity to sit, stand, and walk for four hours each at one time, up to a maximum of eight hours each during a normal workday, to frequently lift 26 to 50 pounds, occasionally lift 51 to 100 pounds, frequently carry 21 to 25 pounds, and occasionally carry 26 to 50 pounds, to use her extremities in repetitive pushing and pulling motions, to engage in activities requiring fine manipulation and simple grasping, and to frequently bend, squat, crawl, and climb and

---

[1] Any appeal taken from this memorandum opinion and order and judgment shall be made to the Eleventh Circuit Court of Appeals. (*See* Docs. 20 & 21 ("An appeal from a judgment entered by a Magistrate Judge shall be taken directly to the United States Court of Appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court."))

> continuously reach. With respect to environmental limitations, the claimant is moderately restricted in her ability to engage in activities involving unprotected heights.
>
> 5. It is the claimant's responsibility to provide medical evidence that supports her alleged disability. See Nathan L. Ellison v. Jo Anne B. Barnhart, No. 02-00223-CV-2-GMF-5 (11th Cir. October 1, 2003). The claimant has failed to meet this burden in this case.
>
> 6. At the time of the claimant's amended disability onset date, she was 30 years old, which the Regulations define as a "younger person," and she has been so classified at all times during the relevant period under consideration.
>
> 7. The claimant has a "limited" level of education.
>
> 8. The claimant's past relevant work as a cashier/checker and a hair stylist, as those jobs are customarily performed in the national economy, do not require the performance of work-related activities precluded by the above residual functional capacity. (20 CFR Section 416.965). This conclusion is supported by vocational expert witness testimony.
>
> 9. Vocational expert witness testimony also supports the conclusion that a significant number of sedentary jobs exist in the national economy that a person could perform who possessed the claimant's vocational characteristics and the capacities and limitations set out by Dr. Fontana in Exhibit 11F. Examples given were sedentary cashier, surveillance system monitor, and telemarketer.
>
> 10. The claimant was not under a "disability," as defined in the Social Security Act, as amended, at any time through the date of this decision.

(Tr. 4Y-4Z) The Appeals Council affirmed the ALJ's decision (Tr. 4D-4G)

and thus, the hearing decision became the final decision of the Commissioner of Social Security.

## **DISCUSSION**

In all Social Security cases, the claimant bears the burden of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). In evaluating whether the claimant has met this burden, the examiner must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education and work history. *Id*. at 1005. Once the claimant meets this burden, it becomes the Commissioner's burden to prove that the claimant is capable, given her age, education and work history, of engaging in another kind of substantial gainful employment which exists in the national economy. *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985).

The task for the Court is to determine whether the Commissioner's decision to deny claimant benefits, on the basis that she can perform her past relevant work as a cashier/checker and hair stylist or, alternatively, that she can perform those sedentary jobs identified by the vocational expert ("VE"), is supported by substantial evidence. Substantial evidence is defined as more

than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). "In determining whether substantial evidence exists, we must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).

In this case, plaintiff's sole contention is that  that the ALJ erred in concluding her carpal tunnel syndrome is not a severe impairment. The Commissioner's severity regulation requires the claimant to make a threshold showing that she has an impairment which significantly limits her physical or mental ability to perform basic work activities.  20 C.F.R. §§ 416.920(c), 416.921(a) (1998); *Bowen v. Yuckert,* 482 U.S. 137, 147 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987); *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999) ("At the second step, [the claimant] must prove that she has a severe impairment or combination of impairments."), *cert. denied*, 529 U.S. 1089, 120 S.Ct. 1723, 146 L.Ed.2d 644 (2000). Basic work activities include functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;  understanding, carrying out and remembering simple instructions; use of judgment, responding appropriately

to supervision, co-workers, and usual work situations; and dealing with changes in a routine work setting.  20 C.F.R. § 416.921(b).  An impairment can be considered not severe "only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Brady v. Heckler,* 724 F.2d 914, 920 (11th Cir. 1984); *see Yuckert, supra*, 482 U.S. at 153, 107 S.Ct. at 2297 ("The severity regulation increases the efficiency and reliability of the evaluation process by identifying at an early stage those claimants whose medical impairments are so slight that it is unlikely they would be found to be disabled even if their age, education and experience were taken into account").[2]

> Inherent in a finding of a medically not severe impairment or combination of impairments is the conclusion that the individual's ability to engage in SGA [substantial gainful activity] is not seriously affected.  Before this conclusion can be reached, however, an evaluation of the effects of the impairment(s) on the person's ability to do basic work activities must be made.  A determination that an impairment(s) is not severe requires a careful evaluation of the medical findings which describe the impairment(s) and the informed judgment about its (their) limiting effects on the individual's physical and mental ability(ies) to perform basic work activities; thus, an assessment of the function is inherent in the medical process

---

[2]  It is clear that in *Yuckert,* the Supreme Court did not impose a standard higher than the *de minimis* standard set out in *Brady*.  *See Stratton v. Bowen*, 827 F.2d 1447, 1451 n.7, 1452 n.9, 1452-1453 (11th Cir. 1987).

itself.

SSR 85-28.  The claimant's burden at step two of the sequential evaluation process is mild.  *McDaniel v. Bowen,* 800 F.2d 1026, 1031 (11th Cir. 1986) ("Step two is a threshold inquiry.  It allows only claims based on the most trivial impairments to be rejected."). A claimant need only show that "her impairment is not so slight and its effect is not so minimal." *Id*.

In finding that plaintiff's carpal tunnel syndrome is a non-severe impairment, the ALJ performed the following sparse analysis: "With respect to the claimant's diagnosis of carpal tunnel syndrome, although the claimant had a positive Tinel's at the wrist as documented on examination by Dr. Fontana, her grip strength was only mildly reduced. In fact, despite the diagnosis of carpal tunnel syndrome, in the Physical Capacities Evaluation (PCE) form that he completed, Dr. Fontana stated that the claimant was able to perform simple grasping and fine manipulation with her hands. Therefore, the Administrative Law Judge finds that the claimant's diagnosed condition of carpal tunnel syndrome does not cause the claimant any significant restrictions in her ability to perform basic work activities." (Tr. 4V)[3]

The problem with this analysis is that it ignores Dr. Fontana's other

---

[3] In performing his analysis in this manner, the ALJ linked Dr. Fontana's PCE findings to the carpal tunnel syndrome diagnosis.

findings that plaintiff would have problems with repetitive pushing and pulling of arm controls and would be restricted to only occasional reaching. (Tr. 165) As is reflected in the vocational expert's testimony, the ability to reach on only an occasional basis would further reduce the sedentary work that would be available in the national economy for plaintiff to perform. (*See* Tr. 187-188 & 189-190 & 192-194) In light of these findings, it is clear to this Court that plaintiff's carpal tunnel syndrome significantly limits her physical ability to reach and thereby constitutes a severe impairment. Accordingly, this Court is unable to find that the ALJ's determination that plaintiff's carpal tunnel syndrome is non-severe is supported by substantial evidence.

This determination, however, does not necessitate a remand of this case because of the ALJ's alternative finding that "a significant number of sedentary jobs exist in the national economy that a person could perform who possessed the claimant's vocational characteristics and the capacities and limitations set out by Dr. Fontana in Exhibit 11F." (Tr. 4Z) This Court understands the vocational expert's testimony to be that even limiting Stubbs to sedentary jobs which require only occasional reaching, there still exist approximately two (2) million sedentary jobs in the national economy that she would be capable of performing. (Tr. 194) The VE's testimony provides

substantial support for the ALJ's alternative fifth-step determination that other jobs exist in significant numbers in the national economy that the claimant is capable of performing. *See Allen v. Bowen*, 816 F.2d 600, 602 (11th Cir. 1987) (VE's testimony that 174 small appliance positions existed in the area where claimant resided was substantial evidence supporting the Secretary's fifth-step denial of benefits). In other words, in alternatively determining that plaintiff can perform sedentary jobs existing in significant number in the national economy the ALJ took into consideration the limitations imposed by plaintiff's carpal tunnel syndrome; therefore, his failure to identify this impairment as a severe impairment was mere harmless error.

## CONCLUSION

In light of the foregoing, it is **ORDERED** that the decision of the Commissioner of Social Security denying plaintiff supplemental security income benefits be affirmed.

**DONE** and **ORDERED** this the 3rd day of November, 2008.

    s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**